UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:19CV-P147-GNS

EDWIN JASON ROBISON                                              PLAINTIFF

v.

STEPHEN HARMON *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Edwin Jason Robison filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some of Plaintiff's claims and give him an opportunity to amend his complaint.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a convicted inmate at the Warren County Regional Jail (WCRJ), sues Stephen Harmon, identifying him as the "Chief Jailer" of the WCRJ, and Brian McPhersen, the "Deputy Chief Jailer" at WCRJ. He sues both Defendants in their individual and official capacities.

Plaintiff states that starting in February 2019 he put in medical sick call slips "because the mechanicly separated chicken has bone shards in it." He asserts that on March 9, March 14, March 18, and March 25, 2019, he "put in several medical requests and regular requests to get my diet changed to vegan." He reports that on the same dates he also filed written grievances. He states, "It took them almost 5 months to change my diet." He further states, "I have diverticulitis. The bone shards cause me great pain." He alleges a violation of the Eighth Amendment; "Violation of duty of care 18 USC 4042"; negligence; and deliberate indifference.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  ANALYSIS

The Court construes the complaint as alleging claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment and negligence[1] against Defendants in their individual and official capacities.  <u>Upon review, the Court will allow Plaintiff's claims against Defendants in their official capacities to proceed for further development</u>.

With regard to the individual-capacity claims against Defendants, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim for relief, Plaintiff must show how each Defendant is liable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Plaintiff has not alleged any personal involvement by either named Defendant and therefore fails to state a claim against them.

Moreover, to the extent Plaintiff seeks to hold Defendants liable based on their supervisory authority over other WCRJ staff, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the

---

[1] To the extent that Plaintiff cites to criminal statute 18 U.S.C. § 4042 in the complaint, as a private citizen, Plaintiff cannot bring criminal charges in this Court against anyone.  *See Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General.")

supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint makes no factual allegations against Defendants and therefore does not allege supervisory liability.

Accordingly, the claims against Defendants in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted.

However, upon review, the Court finds that Plaintiff's allegations concerning his diet may be sufficient to survive initial review if he had named the individual(s) whom he alleges caused his harm. Accordingly, the Court will direct Plaintiff to file an amended complaint naming the specific individual(s) whom he alleges caused his harm and stating specific factual allegations against each person. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's individual-capacity claims against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

4

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint**. If he does so, Plaintiff must name as Defendants the specific individual(s) whom he alleges caused him harm, state the specific factual allegations he believes support his claim against each individual defendant, and sue each individual in his/her individual capacity. Plaintiff must also tender a summons form for each Defendant he sues. The Court will conduct initial review of the amended complaint in accordance with 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form, along with three summons forms, and send them to Plaintiff for his use.

If Plaintiff does not file an amended complaint within 30 days, the Court will enter a Service and Scheduling governing the official-capacity claims against Defendants which the Court has allowed to proceed.

Date: March 6, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Warren County Attorney
4416.010